## S. ALEXANDER & CO., DEFENDANTS IN ERROR, *v.* ALONZO LELAND ET AL., PLAINTIFFS IN ERROR.

SUMMONS—JUDGMENT—EXECUTION.—A summons to A., B., C., or D. is a nullity, inasmuch as it is in the alternative, and not to all, nor to either of them. A judgment and execution, upon such summons, are likewise void, for want of jurisdiction of the defendants.

APPEAL—APPEALABLE ORDER.—An order overruling a motion for a stay of proceedings under a void judgment may be appealed from, or brought to this court for review, by writ of error; and such appeal brings under review the whole record in the case.

WRIT OF ERROR—PARTIES.—A writ of error may be sued out, under the statute, by one or more of several defendants, without joining their co-defendants in the writ.

JUDGMENT.—A judgment to be valid must be certain and conclusive as to the subject-matter and parties to the action, and must be capable of execution.

ERROR to the district court of the first judicial district, Idaho county.

*A. Leland and McBride & Henly*, for the plaintiffs in error.

*A. E. Isham and H. E. Prickett*, for the defendants in error.

HOLLISTER, J., delivered the opinion. NOGGLE, C. J., concurred. WHITSON, J., dissented.

This case comes here from the district court of Idaho county on a writ of error sued out by Leland and Wood. That it is one of a somewhat peculiar character, reference to the proceedings in the court will, we think, abundantly show. The complaint is as follows:

In the first judicial district of Idaho territory, Idaho county, Hon. M. Kelly, Judge.

S. Alexander & Co., against E. B. Johnson, E. R. Sherwin, J. W. Poe, Joseph Griffith, and Alonzo Leland or John Wood, partners doing business under the form and style of the Rescue M. & M. Co., in said county, as defendants, and for cause of action, complains and alleges as follow, to wit. Here follows a statement that the defendants comprising the Rescue M. & M. Co., are indebted to the plaintiff in the sum of thirteen hundred and forty dollars and ninety-

one cents, for goods sold, etc., upon an express or implied contract, for the direct payment of money in gold coin. To this complaint the name of S. Alexander was subscribed, as well as to its verification.

The complaint was filed on the seventh day of September, 1869, whereupon the following summons was issued:

"Territory of Idaho, County of Idaho, *ss.*

"S. Alexander & Co., plaintiffs, *v.* E. B. Johnson, E. R. Sherwin, J. W. Poe, Joseph Griffith, and Alonzo Leland or John Wood, doing business as the Rescue M. & M. Co., defendants.

"In the district court of the first district, Idaho territory, Idaho county.

"To E. B. Johnson, E. R. Sherwin, J. W. Poe, Joseph Griffith, and Alonzo Leland or John Wood, defendants above named.

"In the name of the people of the United States of the territory of Idaho."

Then follows the usual statement and notice to appear and answer the complaint.

This summons was served upon all the persons named in it, with the exception of Alonzo Leland.

On the second day of October, 1869, the following answer was filed in the clerk's office, to wit:

"S. Alexander & Co., plaintiffs, *v.* E. B. Johnson, E. R. Sherwin, J. W. Poe, Joseph Griffith, and A. Leland or John Wood, defendants.

"The defendants above named come into court, and for cause of answer to the complainants' complaint deny the allegation, etc., and conclude as follows: Defendants therefore pray that this court will not grant a judgment against them according to the prayer of the plaintiffs' complaint, or any other judgment, than one for thirteen hundred and forty dollars and ninety cents in lawful money of the United States.       LELAND & POE,

"Att'ys for def'ts, R. M. & M. Co."

This answer was verified and served upon Alexander, on the fourth day of October, 1869. On the second day of

the July term of the court, to wit, on the sixth day of July, 1870, judgment was rendered by the court as follows:

"In the district court of the first judicial district of the territory, in and for the county of Idaho.

"S. Alexander & Co. v. The Rescue Milling and Mining Co.

"Now come the plaintiffs, by W. G. Langford and S. S. Fenn, their attorneys, and move the court for a judgment herein, and it. is ordered that judgment be entered against the defendants for the sum of one thousand three hundred and forty dollars and ninety-one cents, in lawful money of the United States, with legal interest on the same from the date of the filing of the defendants' answer."

On the eleventh day of July the following entry was made upon the journal of the court:

S. Alexander & Co. against E. B. Johnson, E. B. Sherwin, J. W. Poe, Joseph Griffith, and Alonzo Leland or John Wood, partners, doing business under the firm name and style of the Rescue M. & M. Co., defendants.

This cause came on regularly for trial on the fifth day of July, A. D. 1870.  W. G. Langford and S. S. Fenn, Esqs., appearing as counsel for plaintiffs, and A. Leland and J. W. Poe appearing for defendants; whereupon the plaintiffs, by their attorneys, moved the court for judgment upon the complaint, and answer filed herein, whereupon the court, being fully advised in the premises, and by reason of the law and the premises herein, it is ordered and adjudged that the plaintiffs, Alexander & Co., do have and recover of and from the defendants, the sum of thirteen hundred and forty dollars and ninety-one cents, principal, and the further sum of ninety-four dollars and forty-four cents interest, amounting to the sum of one thousand four hundred and thirty-five dollars and thirty-five cents, principal and interest, together with said plaintiff's costs and disbursements, amounting to the sum of one hundred and six dollars and twenty-five cents, and that they have execution therefor.

On the twentieth day of July following, Leland & Wood entered their motion for a stay of all proceedings under the judgment affecting in any manner the property, or interest

in any company property, belonging to John Wood or Alonzo Leland, on the ground that the judgment is irregular and uncertain, in this, that it is jointly against E. B. Johnson E. R. Sherwin, J. W. Poe, Joseph Griffith, Alonzo Leland, or John Wood, and in the alternative, and therefore void as to the last named persons, or either of them. This motion was overruled by the court, and duly excepted to, and made a part of the record.

It is from this order of the court that the plaintiff in error brings the case here for review. That such an order may be appealed from by a party aggrieved by it, there can be no doubt. Section 470 of the civil practice act is as follows: "Every direction of a court or judge made and entered in writing, and not included in a judgment, is denominated an order." The supreme court of California, in *Gilman* v. *Contra Costa*, 8 Cal. 52, say: "An order may be defined to be a judgment or conclusion of the court upon any motion or proceeding. It means, cases where a court or judge grants affirmative relief, and cases where relief is denied." Section 312 provides, "that any final judgment, order, or decision of a district court, except in chancery, may be re-examined upon a writ of error in the same court for error in fact; in the supreme court for error in law." Whether by appealing from such an order the whole record of the case is brought under the review of this court in cases like the one at bar, is a question we will consider hereafter.

As it is claimed by the defendants in error that this writ is improperly sued out because the names of all the parties defendants in the suit below are not named in the writ of error and in the citation, it becomes necessary, before proceeding to the consideration of the merits of the case, to decide the preliminary question thus presented. It is admitted that at the common law, such an objection would be well taken, and that in consequence, the appellate court could not proceed to a hearing of the case until all the parties to the judgment below were made parties in such appellate court.

It is urged, however, and properly, we think, by the plaintiffs in error, that by the provisions of section 323 of

the civil practice act, the rule of the common law has been changed. This statute gives to any persons who may be a party or privy in any judgment, order, or decision, the right to have the same reviewed in this court. It is urged, however, by the defendants' counsel that though any of the persons or parties named in the act have the legal right to prosecute a writ of error for their own benefit, yet it must be done in the names of all the parties jointly interested in the judgment below, and the plaintiffs in error not having done so, that this writ must be dismissed. In this view we are not prepared to concur.

The reason why, at common law, all persons interested in the judgment should be made parties in the appellate court, is that any final decision of such court should bind them, and thus be conclusive. It is founded on the familiar principle that no person not a party to a judicial proceeding shall be bound by it. The statute, however, has expressly provided that when any writ of error is prosecuted by those who are parties or privies to the judgment complained of, and it is reversed, such reversal shall inure to the benefit of all parties and privies thereto; and no other party or privy shall thereafter prosecute a writ of error for the same cause.

The effect of this provision is to bind all other persons interested in the question by the judgment of the appellate court in the same manner and to the same extent as if they were the actual parties.

Under the statute all parties to the judgment below derive as much benefit from its reversal as if they had been made parties plaintiff; and at the same time the adverse parties are protected from any further litigation of the same question by those who are not, as well as by those who are made parties to the proceedings here.

We now come to the question, whether an appeal from the order of the court below in overruling the motion for a stay of all further proceeding, under the judgment, brings the entire record of its proceedings under the revision of this court.

In our view, this must necessarily be the case. The mo-

tion is founded upon an alleged error of the court in rendering a judgment which, it is claimed, is a nullity; and in order that this court can determine whether the motion should have been sustained, it becomes necessary to look into the entire record.

It is a well-settled principle of law, that no judgment can be of any validity, unless the court has jurisdiction of the parties against whom it is rendered. This principle is so familiar that no reference to authorities is needed to support it. This jurisdiction can only be acquired in two ways: first, by due service of legal process; and, second, by a voluntary appearance of the party for the purpose of a trial. In neither of these modes did the court below gain jurisdiction of the defendants in the suit. The summons runs in the name of the people, etc., in a suit in which Alexander & Co. are plaintiffs, and is addressed to E. B. Johnson, E. R. Sherwin, J. W. Poe, Joseph Griffith, and Alonzo Leland, or John Wood, doing business as the Rescue M. & M. Co., defendants.

From the summons, it is impossible for this court to ascertain what persons composed the Rescue M. & M. Co. It may be the five persons first named, or it may be John Woods alone, and the notice was either to the former or the latter; and being in the alternative, it was not for the officer serving it to determine upon whom service should be had, nor can this court so determine. The only conclusion, therefore, that can be legitimately drawn is that, it being addressed to no party in particular, it was not addressed to any one, nor was it notice to any one, and was consequently void.

It is insisted by the counsel for the defendants, that inasmuch as the defendants below appeared and put in an answer to the complaint, they voluntarily submitted themselves to the jurisdiction of the court. It will be perceived by the title of the suit, as stated in the answer, that the same uncertainty is found in it as in the summons. The answer shows that the defendants Johnson, Sherwin, Poe, Griffith, and Leland, or John Wood, parties doing business under the firm and style of the Rescue Milling & Mining

Company, came into court, but it does not appear whether it is the first five persons named, or John Wood, who composed the company, and whom they appeared for.

It will be seen that it is not a personal appearance of the parties, but an appearance by attorneys, and the court can not say whether such an appearance shall bind one or all of the persons named.   Before an appearance by attorney can be held to bind a party, it must be seen that he appears for such party, and that in so certain and undoubted a manner as to make him responsible to him for his acts.   To say that when an attorney appears for either one or another person he binds them both or either, is to carry the doctrine of agency beyond any limits heretofore discovered in the books or in principle.   It is true that at the close of the answer, it is stated that it is put in by Leland & Poe, attorneys for defendants R. M. &. M. Co., and it may be that such an answer would authorize a judgment against the company for which it professed to be put in.   On this point, however, it is unnecessary to express an opinion.   Independently, however, of such considerations, the judgment, in itself, must be held to be a nullity.

The reasons urged against the validity of the process apply with equal force to the judgment.   It is a judgment in the alternative against E. B. Johnson, E. R. Sherwin, J. W. Poe, Joseph Griffith, and Alonzo Leland, or John Wood, partners, etc.   If we can not determine as to whom the summons was directed, and upon whom it was served, it follows that we can not determine as to the parties against whom the judgment is rendered, and for the same reasons.   A judgment to be valid must be conclusive upon the subject-matter, and also as to the parties to it, and it must be capable of execution.   It must be so certain as to the persons that its execution may be enforced against their property.   If it be a joint judgment, the execution must be against the joint property.   If against one, his individual property is liable.

Under our statute, if suit be brought against defendants jointly and not severally liable, and a portion only are served with process, judgment must be entered against all

the defendants, but so as to be enforced against the joint property of all, and the separate property of those served. Without the aid of the statute, all the parties to a joint contract must be made. parties to the suit before the court can entertain jurisdiction. If, however, as in the case at bar, the suit be upon a joint contract,· and the judgment be against one or another party, it can not be executed, for the reason that neither the joint property nor the property of one of the parties can be subjected to its payment.

There is another point insisted upon by the defendants in error, which we will now proceed to notice. It is this, that unless all the parties plaintiff in the judgment below are brought here by the proper citation, or by their voluntary appearance, this court can not proceed to a final determination of the case. This would be a valid objection if the facts sustained the position.

The suit below was instituted in the name of S. Alexander & Co., but it does not appear from the complaint nor the summons who composed the firm, nor that there was any other person interested in the suit than Alexander himself. The complaint was signed and verified by him alone, and, so far as it is made to appear to the court, for his sole benefit. The answer was made to the complaint of S. Alexander & Co., and the judgment was entered in favor of the same name. Indeed, it nowhere appears in any of the proceedings of the court below that any other person than Alexander composed the firm of Alexander & Co., or had any interest in the subject-matter of the controversy. The plaintiff in the suit in the district court, not having chosen to disclose the name of any other person as a party to the action, it does not lie in his mouth to claim that some other person should have been joined with him as a defendant in error.

It may be said, however, that the plaintiffs in error, in suing out their writ and executing their undertaking, as well as in issuing the citation, have made Schnyder a party, and that they are estopped to deny that he should be made such in this proceeding.

We think that such is not a correct view of the question.

The plaintiffs in error might have omitted his name altogether in the writ, undertaking, and citation, and no error would thereby have intervened. The mere fact that they voluntarily chose to name him in their proceedings, to bring the case here, does not of itself conclude them. Suppose they had named any other person whose name did not appear in the suit below, in their citation and undertaking, it would not follow that this court must make him a party and hold him bound by any decision it might make in the case. All that this court can do is to look to the record of the proceedings in the court below to determine who are the proper parties, and no claim outside of such record can be considered by us. The record failing to show that Schnyder was one of the firm of Alexander & Co., or that he had any interest in the suit, we must hold that the plaintiffs in error were not required to bring him here as a party defendant.

This court, having jurisdiction of the necessary parties, have no hesitation in taking cognizance of the case.

The judgment of the district court being null and void, the order is therefore reversed.