THOMAS WALLACE ET AL

V.

MICHAEL CLEARY.

</div>

WRIT OF ERROR—WILL NOT LIE TO DECISION OF JUDGE IN VACATION RELEASING RELATOR ON HABEAS CORPUS.—A writ of error will not lie at the suit of a defendant, to reverse the action of a circuit judge had in vacation, granting a writ of *habeas corpus*, and discharging the relator from imprisonment.

ERROR to the Circuit Court of Stark county; the Hon. JOHN BURNS, Judge, presiding. Opinion filed December 19, 1879.

Messrs. McKENZIE & CALKINS and Mr. F. N. PROUT, for

Wallace v. Cleary.

plaintiff in error; that a person imprisoned by judgment of a court of competent jurisdiction cannot be discharged on *habeas corpus* on the ground of errors, cited *In re* Blair, 4 Wis. 522; *Ex parte* Law, 51 Ala. 34; *In re* O'Connor, 6 Wis. 290.

The prisoner having been released upon an express condition, may be re-arrested after condition broken: *In re* Bowen, 20 Wis. 300; 3 McLean, 326; 26 Barb. 78.

Mr. James E. Bush, for defendant in error; that after a voluntary release, the defendant cannot be retaken, cited 2 Hilliard on Torts, 212; 3 Shars. Black. Com. 415; Atkinson v. Matteson, 2 T. R. 172; Arnold v. Stevens, 10 Wend. 514.

Even though the discharge be upon terms that are not afterwards complied with: 4 Burr. 2482; 6 T. R. 526.

The decision of a circuit judge in vacation upon a *habeas corpus* cannot be reviewed upon a writ of error: Hammond v. The People, 32 Ill. 446; 12 Chicago Legal News, 92.

Per Curiam. A motion is made herein by defendant in error to dismiss the writ of error.

The facts briefly stated so far as they are material to be noticed upon this motion, are as follows. The defendant in error was convicted before a justice of the peace of Stark county of a violation of an ordinance of the village of Bradford, prohibiting the sale of intoxicating liquors without a license, and adjudged to pay a fine of one hundred and fifty dollars, and costs of suit, and ordered imprisoned in the village calaboose until such fine and costs were paid.

A mittimus was issued by the justice, and delivered to the plaintiff in error, Thomas Wallace, village constable, for execution.

Under such writ the defendant was arrested and confined in the village prison, where he remained for a few days, when upon his paying fifty dollars in cash, and promising to pay the remainder or leave the village, he was released from confinement.

He, after such release, refusing to comply with his agreement, either to pay the money or leave the village, an alias mittimus was issued by the justice, under which he was rearrested by said

Wallace, and again incarcerated in the village calaboose; whereupon he presented his petition for a *habeas corpus* to the Hon. John Burns, one of the judges of the circuit court, who, in vacation granted the writ, heard the case upon the return to the writ and other evidence and discharged the relator in the writ from imprisonment.

The defendant in that proceeding, Wallace, the constable, and the village of Bradford, presented a bill of exceptions to the said judge, who signed and sealed the same, and thereupon a writ of error was sued out of this court for the purpose of reviewing the action of the judge in discharging the prisoner.

We find it unnecessary for us to determine whether the circuit judge erred in discharging the prisoner, as in our opinion no writ of error will lie to reverse the action of a circuit judge, had in vacation, granting the writ of *habeas corpus* and discharging the relator from imprisonment.

It was so expressly adjudged by our Supreme Court in the case of Hammond v. People, 32 Ill. 447, which decision has never been overruled, so far as we are advised.

It is there said that the decided weight of authority is against the allowance of the writ, even when the writ of *habeas corpus* was issued by a Circuit Court and all the proceedings had and entered of record in open court.

If the writ will not lie upon such order of discharge when made by the Circuit Court, we are at a loss to perceive upon what principle it can be maintained to question the act of a circuit judge in vacation.

The motion to dismiss the writ of error herein issued will be sustained.

<div align="right">Writ dismissed.</div>