## Ernest J. Magerstadt, Sheriff, v. The People of the State of Illinois ex rel.

1. HABEAS CORPUS—*Order of Discharge Not a Final Order.*—An order of discharge upon a writ of habeas corpus is not a final order, in the sense that an appeal or writ of error may be prosecuted therefrom.

2. PROCESS—*When Sheriff is Protected in Making Arrest.*—A ministerial officer is protected in the execution of process, whether the same issued from a court of general or limited jurisdiction, although such court have not, in fact, jurisdiction of the case, provided it appears on the face of the process that the court has jurisdiction of the subject-matter, and the process, in other respects, shows no want of authority.

**Habeas Corpus.**—Appeal from the Criminal Court of Cook County; the Hon. EDWARD F. DUNNE, Judge presiding. Heard in this court at the March term, 1902. Reversed. Opinion filed December 22, 1902.

**Statement.**—Robert E. Burke filed his petition in said court praying a writ of habeas corpus, from which it appears that he was imprisoned and restrained of his liberty by appellant, the sheriff of Cook county and *ex officio* the jailor thereof, on two charges of embezzlement as a city official of Chicago, and is held by virtue of having been surrendered to said sheriff by two persons who were his sureties in two open court recognizances for Burke's appearance before the Criminal Court of Cook County, Illinois, from day to day, until the disposition of two certain indictments returned into that court, charging said Burke with having embezzled the funds of the city of Chicago received by him in his capacity of oil inspector of the city. The petition sets out the different counts of the two indictments and certain ordinances of the city of Chicago, on which it is alleged the indictments are based. The petition also alleges that the city of Chicago has no other claim against petitioner than that based on said ordinances; that the ordinances are void because in conflict with the general statutes of the state and the constitution, and that under said indictments there is no general law or any judgment, order or decree of any court to authorize any conviction upon the indictments against petitioner.

On a hearing before the Criminal Court upon the return of the writ of habeas corpus issued October 4, 1901, showing that the sheriff held Burke in custody by virtue of his surrender by his bondsmen, who directed the sheriff to arrest and hold said Burke, the petitioner was discharged, and it was further ordered that Magerstadt, sheriff, etc., should pay all costs of the proceeding on the petition for habeas corpus. From the order directing the sheriff to pay the costs this appeal was taken.

CHARLES S. DENEEN, state's attorney, for appellant; A. C. BARNES, assistant state's attorney, of counsel.

A. S. Trude, O'Donnell & Brady and Daniel J. McMa-
hon, attorneys for appellees.

Mr. Justice Windes delivered the opinion of the court.

It appears from the record, and no contention to the con-
trary is made, that the proceedings in the Criminal Court
resulting in the finding of the indictments against the rela-
tor, Burke, his subsequent surrender by his bondsmen to
the sheriff and his retention in custody thereafter by
the sheriff up to the time of his discharge, were in all
respects regular and in accordance with the forms of law.
No appeal is taken from the order of discharge by the
Criminal Court, of the relator, and the only error assigned
on this appeal is that the court erred in rendering judg-
ment against the sheriff for the costs of the habeas corpus
proceeding. It is contended for appellant, and to this
contention counsel for appellees agree, that in order to
determine whether or not there was error in rendering judg-
ment against the plaintiff for the costs of the habeas corpus
proceeding, this court should inquire whether the court's
discharge of the relator was correct or otherwise. It is
even urged upon the court by counsel for appellees, that
the inquiry, on this appeal, should be broadened so as to
review the question as to whether the fees of the office of
oil inspector, which office it appears was held by the rela-
tor, belonged to him. We can not yield assent to this
claim, notwithstanding the consent of appellees' counsel
and their request that we do so. It is well settled in this
state that an order of discharge upon writ of habeas corpus
is not a final order, in the sense that an appeal or writ of
error may be prosecuted therefrom. Hammond v. People,
32 Ill. 446–57, and cases cited; Ex parte Thompson, 93 Ill.
89; Hurd on Habeas Corpus, 573; Wallace v. Cleary, 5 Ill.
App. 384; People v. Skinner, 19 Ill. App. 332.

It being clear that it is not within our province to con-
sider the question as to whether relator was, or not, right-
fully discharged, we should not, under the guise of a review
of the court's order adjudging the costs against the sheriff,
make such review, unless to do so is necessary to a decision

of the case before us.  We should not, by indirection, sit in review of the action of the Criminal Court when we can not do it directly.  We will not be made the instrument, by mere agreement and request of counsel, through which a decision may be rendered that we could not legally give upon the record before us.

If, however, it be conceded that, in passing upon the judgment for costs against the sheriff, we might properly determine whether or not the fees of the office of oil inspector belonged to relator, or whether he was rightfully discharged, it would not follow, if we found that these fees did belong to relator, and that the discharge was rightful, that the sheriff should be required to pay the costs of the habeas corpus proceeding.  It is therefore not necessary, in passing upon the error assigned, to determine either of these questions.  Furthermore, we are at a loss to conceive why the sheriff has any interest, beyond that of citizens generally, whether Burke was, or not, rightfully discharged.  His general interest, in common with other citizens, would give him no right of appeal nor to assign error on the court's ruling in that regard.  And it is fundamental that a party appealing can not be heard to complain of any matter in which he has no interest.  The sheriff's only possible interest on this appeal is as to the correctness of the judgment for costs against him.

As has been stated, the indictments against Burke were duly, regularly, and according to the forms of law, found; he appeared before the Criminal Court and entered into a recognizance with his two sureties for appearance from day to day at the Criminal Court of Cook County, until the disposition of said indictments was made; that thereafter Burke's sureties, as they had a right to do under the statute (Hurd's, Ch. 38, Div. 3, Sec. 11), surrendered his body into the keeping of the sheriff, whose duty it was, under the statute (Hurd's, Ch. 38, Div. 3, Sec. 15), to hold him to answer said indictments.  For such duty and service the statute (Hurd's, Ch. 53, Pars. 19 and 53) allows the sheriff his costs, to be paid to him in advance.  (Id., Par. 58.)

It needs no citation of authorities, in view of these facts,

to sustain the position that the sheriff, a public officer, should not have assessed against him costs for doing a duty enjoined upon him by the law, and for which, under the law, he is entitled to have paid him, fees for his services.

Moreover, the proceedings against the relator being in all respects regular, in due form of law and by a court having jurisdiction of the subject-matter and of the person of the relator, by virtue of its process and his appearance before it and entering into a recognizance, the sheriff was fully protected in taking relator into custody. Cooley on Torts, Sec. 538, and cases cited; Lattin v. Smith, Breese, 361; Brother v. Cannon, 1 Scam. 200; Hill v. Figley, 25 Ill. 163; Chegary v. Jenkins, 5 N. Y. 376–80.

More than sixty-five years ago, in the Brother case, *supra*, the Supreme Court in speaking upon this point, said:

" If the magistrate had jurisdiction of the subject-matter, the officer was not bound to inquire further into the accuracy of his proceedings, but should have proceeded to obey the mandate of the warrant."

To the same effect the law is stated by Judge Cooley in the citation above and cases cited, including the New York case noted, in which it is said:

" A ministerial officer is protected in the execution of process, whether the same issue from a court of general or limited jurisdiction, although such court have not, in fact, jurisdiction of the case, provided it appears on the face of the process that the court has jurisdiction of the subject-matter, and the process, in other respects, shows no want of authority."

That the Criminal Court of Cook County had jurisdiction of the subject-matter of the crime with which the indictments charged Burke, can not be questioned. As we have seen, all the proceedings were regular, in due form of law, and the sheriff, pursuant to the surrender of Burke by his sureties, only did his legal duty, for the doing of which he was entitled to receive his costs, instead of having a judgment rendered against him for costs.

The judgment of the Criminal Court for costs against the appellant is reversed.