## The People of the State of Illinois, Defendant in Error, v. Michael Mines, Plaintiff in Error.

## Gen. No. 5462.

1. WRITS—*when officer not bound to inquire into regularity of proceedings.* If the court issuing the writ had jurisdiction of the subject-matter and of the parties, an officer to whom a writ is delivered for service is not bound to inquire into the accuracy or regularity of the proceedings which resulted in the issuance of the writ.

2. ASSAULT—*when upon officer serving writ unjustified.* An assault upon an officer attempting to serve process is not justified by a defect in the proceedings which resulted in the issuing of the writ where no personal violence has been used by such officer.

3. INSTRUCTIONS—*when omission of material element immaterial.* If an instruction omit a material element such omission is immaterial if the element omitted was established at the trial by uncontroverted evidence.

Appeal from the Circuit Court of Lake county; the HON. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the April term, 1911. Affirmed. Opinion filed October 13, 1911.

A. K. STEARNS and LESLIE A. NEEDHAM, for plaintiff in error.

Ralph J. Dady, for defendant in error.

Mr. Justice Willis delivered the opinion of the court.

Michael Mines was indicted for an assault upon one Waino Peterson, with intent to murder. He was found guilty of an assault with a deadly weapon with intent to inflict upon the person of Peterson a bodily injury, no considerable provocation appearing. Neither Mines' original nor amended abstracts or the People's additional abstract show what the judgment of the court below was. He was, in fact, sentenced to imprisonment in the county jail for six months and adjudged to pay a fine and the costs. This writ of error was sued out to review that judgment.

The evidence shows that on June 29, 1910, William V. Kelley brought suit in forcible detainer against plaintiff in error before a police magistrate in Lake county to recover possession of certain real estate occupied by plaintiff in error. He obtained a judgment for the same on July 6, 1910, from which no appeal was taken. On August 3, 1910, a writ of possession was issued by the magistrate to the sheriff or any constable of Lake county commanding them to dispossess plaintiff in error and restore said premises to Kelley. The writ was placed with Waino Peterson, a constable of said county, for execution, and he served the writ by reading the original and delivering a copy to plaintiff in error, and he gave him five days to vacate the premises. At the expiration of this time Peterson, with assistants, went to the house on the premises and knocked on the front door. Plaintiff in error appeared at an upstairs window. Peterson told him he had come to carry out the writ and requested plaintiff in error to come down and let them in. He refused to do so and Peterson said, "If you don't come down and open the place I'm coming in." Plaintiff in error said, "If you do there will be a funeral." Peterson replied, "Well, if we have one

funeral, we will have two.'' Peterson went to the back door, and, according to his testimony, found it fastened by a chair placed against it on the inside. He pushed the door until he could reach the chair and remove it and then opened the door and entered the house. He reached the stairway leading upwards, when the housekeeper for plaintiff in error called out, "Mike, they have got in the back door.'' Thereupon plaintiff in error, who was standing 16 feet away and about 9 feet above Peterson, discharged a shotgun at him, and about 43 shot lodged in his leg.

Plaintiff in error's chief contention on the facts is that the judgment entered by the magistrate was defective in that it adjudged that plaintiff in error was entitled to the possession of the premises described in the complaint, and that the premises were not described in full in the judgment, and also that the judgment did not order a writ of possession. The magistrate had jurisdiction both of the subject-matter and the parties. The writ issued thereon appears to be perfect in all its parts, and fully describes the premises, and it commanded an officer to do the act upon which Peterson was engaged, and it was his duty to proceed to execute the writ. This being true, he was not bound to inquire into the accuracy of the proceeding before the magistrate. Brother v. Cannon, 1 Scam. 200; Magerstadt v. People, 105 Ill. App. 316. The writ was ample protection to him so long as he kept within the power conferred. If he exceeded that power, it would not authorize plaintiff in error to resort to personal violence against him, unless to protect his own person from violence and injury. Lattin v. Smith, Breese 283. The evidence is clear that plaintiff in error was the aggressor. It would be an intolerable doctrine to hold that an officer receiving a perfect process issued by a court which had jurisdiction of the subject-matter and of the parties, may be shot with impunity by the defendant in the writ while the officer is executing it, if it shall turn

out that there is some defect in the judgment upon which the writ was issued. If that were the law, then every sheriff and constable must consult a lawyer before executing a writ and have the judgment examined and an opinion thereon, and even then would be liable to be shot if his lawyer made a mistake in his advice. But again, even if the judgment was defective and that defect would give the defendant in the writ a right to resist, it would give him no right to kill the officer, where there has been no violence used against his person. Criminal Code, Sec. 148.

Plaintiff in error next contends that while he sold the land to Kelley, he had not sold him the house situated thereon. He was defeated in this claim before the magistrate and he now claims he had a right to retry that question under the indictment. Such defense amounts to this: that a constable, executing a writ, could be lawfully shot, if there were a meritorious defense which the magistrate had wrongfully defeated.

It is urged that plaintiff in error was entitled to show his ownership or right of possession in the premises as bearing upon the question of his good faith and to negative malice. We think this position untenable, as the question of the right to the possession of the premises was determined in the forcible detainer proceedings, from which plaintiff in error failed to appeal, and defendant in error was not, in this trial, concerned with or affected by any dispute between plaintiff in error and the plaintiff in the forcible detainer proceeding.

It is urged that the court erred in giving defendant in error's 3rd, 4th and 7th instructions, and in refusing plaintiff in error's 24th and 25th offered instructions. It is contended that instruction No. 3 was defective because it did not require the jury to find that Peterson was an officer authorized by law to execute the writ. Peterson testified that he was a constable at the time, and his commission was also introduced in evidence, and there was no proof tending to show anything to

the contrary. The proof is conclusive that he was a constable and authorized to execute the writ. We think that the omission of that element from the instructions was not erroneous. The 4th instruction related to the proof of crime by circumstantial evidence. This instruction was given verbatim in Moore v. People, 92 Ill. App. 137, and that case was afterwards affirmed in 190 Ill. 331. The 7th instruction defined the doubt which would justify an acquittal. A similar instruction was approved in Siebert v. People, 143 Ill. 571, on the authority of Weaver v. People, 132 Ill. 536. Plaintiff in error's refused instructions 24 and 25 were offered on a theory that Peterson and his assistants were, while executing the writ of restitution, engaged in an unlawful assault upon the habitation of plaintiff in error. As the evidence clearly discloses that they were acting within the authority conferred upon them by the writ, and in discharge of a duty imposed upon them by law, the refusal of the instructions was not error.

Finding no error in the record, the judgment of the circuit court is affirmed.

*Affirmed.*