The People of the State of Illinois, Defendant in Error, v. Dolores Rauschenberg and Frank Kreigl, Plaintiffs in Error.

Gen. No. 11,418.

Second District, Second Division.
February 23, 1961.
Rehearing denied April 6, 1961.

294

Sherwin & Sherwin, of Chicago, for plaintiff in error.

Hon. William J. Bauer, State's Attorney, of Wheaton, for defendant in error.

SPIVEY, J.

In an information filed against them in the County Court of DuPage County it was charged that "Dolores Rauschenberg, Frank Kreigl and Louise Kreigl on July 18, 1959 did knowingly, wilfully and unlawfully obstruct, resist and oppose a duly authorized con-

stable in serving or for having served legal process in that the said Dolores Rauschenberg, Frank Kreigl and Louise Kreigl did assault, strike, scratch and bruise one Constable Harold Bojens while serving or for having served a summons from the Justice of the Peace Court of Jack T. Parish on said Dolores Rauschenberg, etc., DuPage County, Illinois, on the date aforesaid, contrary to the Statute, etc." A trial before a jury resulted in guilty verdicts as to Dolores Rauschenberg and Frank Kreigl and Louise Kreigl was found not guilty.

The jury fixed a fine of $200.00 and imprisonment in the County Jail for twenty days for the defendant, Rauschenberg, and fixed a fine of $100.00 and imprisonment in the County Jail for ten days for the defendant, Frank Kreigl.

Judgment on the verdict as to Dolores Rauschenberg was entered on the 27th day of November, 1959, and judgment as to Frank Kreigl was entered on December 28, 1959. On February 15, 1960, the defendants were granted an additional forty-five days from that date in which to file their bill of exceptions. However, the bill of exceptions was not filed in the trial court until April 5, 1960, which was five days more than the time given them in which to file the bill of exceptions.

Rule 2 of this court provides in part as follows: "In all criminal cases in which writ of error is sought, the bill of exceptions or report of proceedings at the trial, if it is to be incorporated in the record on review, and other proceedings which the plaintiff in error desires to incorporate in the record on review, shall be submitted by the plaintiff in error to the trial judge or his successor for his certificate of correctness, and be filed duly certified, in the trial court within one hundred days after judgment was entered, or within any extension thereof granted within the one hundred days or any extensions thereof."

■ The bill of exceptions insofar as Frank Kreigl is concerned was filed ninety-nine days after judgment was entered against him and was timely filed. However, as to Dolores Rauschenberg, it was filed more than one hundred days after judgment and after the expiration of all extensions of time thereof. As to Rauschenberg, then, this cause is before this court solely upon the common law record. People v. Jensen, 24 Ill. App.2d 302, 164 N.E.2d 228; Lukus v. Lukus, 381 Ill. 429, 45 N.E.2d 869.

The evidence offered on behalf of the People showed that Harold Bojens, at the time of the occurrence was a duly authorized, elected and acting Constable of Bloomingdale Township, DuPage County, Illinois. On July 17, 1959, the Constable was given a summons to be served on Fred and/or Dorothy Rauschenberg. The summons originated in a Justice Court in a civil matter.

According to the people's evidence, an attempt was made to serve the summons on Friday evening, July 17th. The Constable testified that he went to Kreigl's home and asked for Fred or Dolores Rauschenberg. Frank Kreigl advised the Constable that Rauschenberg's were not living at that address and inquired as to the nature of the business, but the Constable declined to discuss the matter with Kreigl. The Constable testified that he identified himself as a constable, and states he was wearing his belt, holster and star. He asked for the address of Rauschenberg's but Kreigl refused to give him this information. The constable then learned Rauschenberg's address from the Justice of the Peace and went to their home later, on the 17th. When he arrived at Rauschenberg's, he stated that a woman he later learned was Dolores Rauschenberg and three children were outside the residence at 41N 616 Route 83. He inquired if the Rauschenbergs lived there and the woman told him they

did. He then identified himself as a constable and asked to talk to Mr. or Mrs. Rauschenberg. The woman then stated she was the baby sitter and would give no information as to the location of the Rauschenbergs.

The constable then inquired of Mr. Rowe, a neighbor of Rauschenberg's and was advised that the woman in the Rauschenberg house was in fact Mrs. Rauschenberg. The constable returned to the Rauschenberg home, and again attempted to talk with Mrs. Rauschenberg but without success. Shortly, Mr. and Mrs. Kreigl, the mother and father of Mrs. Rauschenberg arrived and had a conversation with the constable and then went into Rauschenberg's house.

Later the Kreigls and Dolores Rauschenberg left the home and started to get in the Kreigl automobile. The constable states he stopped them and told them he had a summons to serve on Dolores Rauschenberg and placed the summons on the arm of Dolores Rauschenberg. Thereafter followed a melee in which Dolores Rauschenberg, Frank Kreigl and the constable joined in battle resulting in this criminal proceeding. It was stated that Frank Kreigl was the aggressor.

Defendants contend that on the 17th of July the constable called at the Kreigl home and asked for Frank Rauschenberg but refused to identify himself or disclose his purpose. Frank Kreigl testified that the constable "got smart" and threatened to call the police and then left. Dolores Rauschenberg testified that the constable knocked on her door and that her child answered the knock and inquired as to the constable's business. She stated the constable told the child "tell her to come to the door or I'll put her in jail for a year." This frightened Mrs. Rauschenberg, she stated, and she sent her son Terry to the neighbors to call for Frank Kreigl. Mrs. Rauschenberg contends that the constable never identified himself, or advised that he wanted to serve a summons.

When the Kreigls arrived they wanted to take Mrs. Rauschenberg away from the house and claim that they were assaulted by the constable as they were leaving.

Plaintiffs in error contend (1) that the process the constable claims to have been attempting to serve or had served was void and the defendants cannot be guilty of resisting arrest when the process is void; (2) that the information was in the disjunctive and defective; (3) that the information failed to allege that process served by the constable was issued out of a Justice of Peace Court for DuPage County and that the Justice was duly qualified, etc.; and finally (4) that the court erred in denying defendants motions for new trials on the basis of newly discovered evidence.

As to defendants' contention that the process issued in the Justice Court was void, we note that the process is not reproduced in the abstract. While we are not obliged to do so, we have searched the record also and find that the summons which was introduced as an exhibit has not been included in the record. With the abstract and record both failing to show the summons, it would be presumptuous of this Court to state that the summons was void.

Apparently the summons was directed to Fred Rauschenberg and/or Dolores Rauschenberg. However, it cannot be seriously contended that defendants objected to the form of the summons, when they testified that they did not even know the constable was attempting to serve process. It is not contended that the Justice Court had no jurisdiction to issue the summons, but rather that the use of the preposition "or" renders the summons in the alternative in that it was within the discretion of the constable as to whom should be served and made defendant, and that this discretion in a ministerial officer renders the process void.

Only one case is cited in support of this contention and that is Alexander v. Leland, 1 Idaho 425 (1872). We are not persuaded by this case and in the absence of compelling Illinois authority, decline to hold that a summons directed to "Fred Rauschenberg and/or Dolores Rauschenberg" is absolutely void. It is conceded that the Justice had jurisdiction to issue the summons. As was said in People v. Miller, 273 Ill. App. 422, "If the magistrate had jurisdiction of the subject matter, the officer was not bound to inquire further into the accuracy of his proceedings but should have proceeded to obey the mandate of the warrant." Brother v. Cannon, 1 Scam. (Ill.) 200; People v. Mines, 164 Ill. App. 658. "The courts do not favor those who seek to evade service of summons." Hatmaker v. Hatmaker, 337 Ill. App. 175, 85 N. E. 345.

A situation similar to that presented herein appears in the case of Smith v. The People, 99 Ill. 445. There an officer claimed that the defendant obstructed and resisted him in the execution of a lawful writ. The court said, "If the court has jurisdiction of the subject matter and of the parties, and the writ is regular on its face, he (the officer) will be protected unless he exceeds the power conferred by the writ. This writ was ample protection to the officer so long as he kept within the power it conferred, but if he exceeded that power he became liable as a trespasser. That, however, would not authorize the defendant to resort to personal violence against the officer, unless to protect his own person from violence and injury." A system of order would require that objections to the form of a summons be raised by non-violent means. We are not unmindful of those cases which authorize a person to defend his property from unlawful seizure under void writs. There is a substantial distinction, however, between the defense of property sought to be taken by a void writ and service of defective or

even void summons. In this instance, we hold the word "or" used in the summons was surplusage and that the summons was not void.

Next it is contended that the information is defective. The defendants failed to move to quash the information and did not attack the sufficiency of the information in either their motions for new trial as filed and amended or their motions in arrest as originally filed or amended. The defects complained of are matters not of substance, but rather, of form. Defendants say the information is in the disjunctive and so defective and that it is defective in that it fails to allege that the process served or sought to be served was issued out of Justice Court of DuPage County and that the Justice was duly qualified.

■■ As to the first contention, it is true that the information is in the disjunctive. The information provides: "Dolores Rauschenberg, Frank Kreigl and Louise Kreigl on July 18, 1959 did knowingly, wilfully, and unlawfully obstruct, resist and oppose a duly authorized constable in serving *or* for having served legal process in that the said Dolores Rauschenberg, Frank Kreigl and Louise Kreigl did assault, strike, scratch and bruise one Constable Harold Bojens while serving *or* for having served a summons, etc." (emphasis ours) Disjunctive pleading may render an information defective as uncertain. Now, however, it is too late to complain of the form of the information. Section 719 of the Criminal Code provides in part: "All exceptions which go merely to the form of an indictment shall be made before trial, and no motion in arrest of judgment, or writ of error shall be sustained, for any matter not affecting the real merits of the offense charged in the indictment." (Ill. Rev. Stat. 1959, Chap. 38, Par. 719.)

■ The use of the disjunctive "or" in an information does not always result in a fatal defect. "The word 'or' in an indictment is a fatal defect only

when its use renders the statement of the offense uncertain." The People v. Farrell, 349 Ill. 29, 132, 181 N. E. 703; The People v. Brosnan, 361 Ill. 545, 546, 198 N. E. 708. We believe that the defendants were fully aware of the nature of the charges presented against them, and that the information was not defective as uncertain.

As to the contention that the information was fatally defective in that it fails to allege that the process served was issued by a duly qualified Justice of DuPage County, this also is without merit. Section 499 of the Criminal Code provides: "If any person shall knowingly and wilfully obstruct, resist or oppose any sheriff, deputy sheriff, coroner or constable or other officer of this state, or other person duly authorized, in serving or attempting to serve any lawful process or order of any court, judge or justice of the peace, or any legal process whatsoever, or shall assault or beat any sheriff, deputy sheriff, coroner, constable or other officer, or person duly authorized, in serving or executing, or attempting to serve or execute any process or order aforesaid, or for having served or executed or attempting to serve or execute the same, every person so offending shall be fined not exceeding $500.-00 and imprisoned not exceeding one year." (Ill. Rev. Stat. 1959, Chap. 38, Par. 499.)

The information in the instant case charged that the constable was serving "Legal process" "from the Justice of the Peace Court of Jack T. Parish." An indictment on the same charge was considered in Bowers v. The People, 17 Ill. 372 and found to be sufficient. The court in the Bowers case said, "The offense consists in resisting or opposing the officer while acting in his official capacity. The writ or process which he is attempting to execute when resisted must have emanated from a court, or person having jurisdiction and authority to issue it; and the

302

officer must, at the time and place, be authorized in law to serve or execute the same. The averment that Hickey was in the 'due execution of his duty as such constable' and 'attempting to serve lawful process' at the time and place resisted, includes the validity of the process; and the averment that he was 'then and there a public officer, to-wit, a constable' and 'then and there in the due execution of his duty as such constable' as an averment of his official capacity and jurisdiction to serve the process. A general averment that the process was *a lawful process,* and the person resisted a *public officer, authorized* to execute the same, in the execution of which he was resisted or opposed, is sufficient allegation, both of the validity of the process and the jurisdiction of the officer."

Further authority for this position is found in McQuoid v. The People, 8 Ill. 76. There the court said "We do not disagree with the plaintiff's counsel, that the indictment must contain a substantial allegation of jurisdiction in the officer who issued the process, in the service of which the resistance or opposition is made; but we hold that, under our statute, the averment that the process is a lawful one is an averment of jurisdiction in the officer who issued it."

 In the information in the instant case, the allegation of "legal process" is substantially the same as an allegation that the process is "lawful process." Therefore we conclude that the validity of the process and the jurisdiction in the officer who issued it was sufficiently alleged, and it was unnecessary to allege that the summons served or to be served by the constable was issued by a justice of the peace of DuPage County, duly qualified, commissioned and acting as such, where no such objection was made by a motion to quash.

"Niceties and strictness of pleading are supported only where a defendant would otherwise be surprised

on the trial or unable to meet the charge or prepare his defense. Where the meaning is plain, faulty grammar, wrong spelling, defective rhetoric or an error in punctuation will not render the information fatally defective. (People v. Schnepp, 362 Ill. 495.) The defendant went to trial with counsel and no objection was made to the information prior to the time of trial. It is not contended that the defendant was in any way hurried into a trial of the matter. We believe that the information fairly appraised the defendant of the charges against him and that if he desired any more definiteness with respect to the same he could have obtained the same by an appropriate motion prior to the trial. In view of the fact that he did not make such a motion, we believe that he is now precluded from raising mere formal defects in the information." The People v. Ostrowski, 402 Ill. 106, 113; 23 N.E.2d 276.

Finally defendants contend that they should have been awarded a new trial on the basis of newly discovered evidence. It is urged that where evidence is discovered which leads to the inescapable conclusion that justice has not been done, and where the party has been diligent in discovering the evidence, then a new trial must be granted.

The evidence said to justify a new trial was testimony of a neighbor who claimed to be an eye witness and who offered to testify contrary to the testimony of the constable and one of the witnesses for the people. The court did not err in refusing to grant a new trial on the basis of the testimony offered. "A motion for a new trial on the ground of newly discovered evidence is addressed to the discretion of the trial judge and denial thereof will not be disturbed upon review in the absence of a showing of an abuse of discretion. (United States v. Jakalski, (7th Cir.) 237 F2d 503). To warrant a new trial, the new evi-

dence must be of such conclusive character that it will probably change the result on retrial, that it must be material to the issues but not merely cumulative, and that it must have been discovered since the trial and be of such character that it could not have been discovered prior to the trial by the exercise of due diligence." The People v. Baker, 16 Ill.2d 364, 158 N.E.2d 1. To the same effect is The People v. Ladus, 12 Ill.2d 290, 146 N.E.2d 57. We do not consider the evidence contained in the affidavit of the neighbor conclusive so as to probably change the result on a retrial nor do we believe that the evidence could not have been discovered prior to the trial by the exercise of due diligence. The trial court properly denied the defendants' motion for a new trial on the basis of newly discovered evidence.

The judgment of the County Court of DuPage County is affirmed.

Judgment affirmed.

CROW, P. J., concurs.

WRIGHT, J., concurs.