## In re ELLIS.

(District Court, W. D. Pennsylvania. October, 1923.)

1. **Mechanics' liens** ☞130(2)—**Apportionment against lots not adjoining held invalid under Pennsylvania laws.**

Under Pennsylvania mechanic's lien law (Pa. St. 1920, § 14632 et seq.), separate mechanics' liens, determined by apportionment, filed against buildings erected on three lots which were not adjoining, were invalid.

2. **Bankruptcy** ☞316(2)—**Mortgagee entitled to attorney's commission, though no writ of scire facias issued.**

Mortgagee is entitled to adequate attorney's commissions for the services rendered in proving its claims before the bankruptcy referee, where mortgage stipulates for such commission, though no writs of scire facias were issued.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of Solomon Archie Ellis, bankrupt. On petition to review findings of referee. Affirmed in part, and reversed in part.

Marsh, Eaton & Baur, of Erie, Pa., for bankrupt.

Milloy & Gilson, of Erie, Pa., for creditor.

SCHOONMAKER, District Judge. This case comes to this court on petition to review the findings of the referee in (1) disallowing the mechanic's lien claim of D. S. Milloy; and (2) the attorney's commissions provided for in mortgage given by bankrupt to the Security Savings & Trust Company.

[1] First. As to the mechanic's lien, the referee made from the evidence before him the following finding of fact:

"No. 13. That the mechanics' liens filed by D. S. Milloy against lots 36, 49, and 50, except the items amounting to $42, are apportioned liens for material furnished for the buildings erected upon said three lots, although in form they appear to be separate liens against each structure, and the referee further finds that a street divides one of said lots from the other two of said lots."

From this finding of fact, the referee reached the conclusion that the mechanics' liens in question were invalid. In this we are of the opinion that he committed no error, and is fully supported by the decisions of the state courts in construing the mechanic's lien law of Pennsylvania (Pa. St. 1920, § 14632 et seq.). In Mill Co. v. Grenawalt, 11 Pa. Super. Ct. 157, the Superior Court of Pennsylvania, Mr. Justice Beeber delivering the opinion, said:

"But, where a joint apportioned lien cannot be filed, it is not within the power of the claimant to file separate claims and designate by an apportionment the amount for which each house is liable. To allow this is considered dangerous and impolitic, because it enables a contractor for the erection of houses, widely separated, and having nothing in common, except that they are building at one time and under one contract, to fasten upon each of the buildings a claim resting upon nothing but guesses as to the amount each is to pay. In such cases there must be some proof given of the amount of material furnished to each house, or something more than mere proof that credit was equally given to all the houses when the material was furnished. Schultz v. Asay, 2 Penny. 411; s. c., 10 W. N. C. 33, 11 W. N. C. 194."

Likewise the Supreme Court of Pennsylvania, in construing the mechanic's lien law of 1901, in the case of Sumption v. Rogers, 242 Pa. 348, 89 Atl. 121, Ann. Cas. 1915B, 622, in opinion by Mr. Justice Stewart, said:

"Our conclusion is that section 3 of the act of 1901 affords no warrant for the filing of 'separate claim, with amount determined by apportionment,' except in cases where the buildings are adjoining. It follows that the claim in this case being a separate apportioned claim, and the building sought to be charged with an apportioned amount not being adjoining with the other buildings embraced in the claim, it was filed without warrant of law. In this respect it was incurably defective, and, because it was so, the learned court was entirely correct in refusing the amendment offered."

We therefore confirm the findings of the referee as to the mechanics' liens of D. S. Milloy.

[2] Second. As to the attorney's commissions claimed by the Mortgage Security Savings & Trust Company, the real estate was sold free and discharged of liens, and therefore the liens of the mortgages were transferred to the fund realized by the sale. The referee awarded to the mortgagee the full amount of its debt and interest, but disallowed its claim for 5 per cent. attorney's commission to be entered as part of the judgment in any action of scire facias on the mortgages. No reason is given by the referee for this action, but we assume that it was on the theory that no writs of scire facias were issued on the mortgages, and therefore no attorney's commissions were collectible. We, however, are inclined to adopt the view of Judge McPherson, expressed in a bankruptcy case in the Eastern District of Pennsylvania, In re Wendel (D. C. Pa.) 18 Am. Bankr. Rep. 665, 152 Fed. 672, that in bankruptcy, where a mortgagee is claiming attorney's commission, he should be allowed adequate compensation for the labor performed. We are of the opinion that the sum of $100 would be adequate compensation for attorney's fees to the mortgagee for the proving of its claims before the referee, and direct the referee to award that sum to the mortgagee on account of attorney's commissions provided for in the mortgages.

Decree may be entered in accordance herewith.