THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIE LANDERS, Plaintiff in Error.

*Opinion filed December 21, 1927—Rehearing denied April 14, 1928.*

1. CONSTITUTIONAL LAW—*constitutional provision as to title of act will be liberally construed.* The provision of section 13 of article 4 of the constitution in regard to the titles of acts will be construed liberally in favor of the validity of enactments, and if by any fair intendment the provisions in the body of an act have a necessary and proper connection with the title it is not objectionable.

2. SAME—*what may be included under general title of an act.* Where the title of an act is general, the act may include any provision which is germane to the general subject matter of the act and which may be considered in furtherance of the general subject by providing the method and means of carrying out such subject.

3. CRIMINAL LAW—*section 5 of State Farm act does not violate constitutional provision as to title.* The provision of section 5 of the State Farm act fixing a penalty for escaping from the State farm does not violate the provision of section 13 of article 4 of the constitution in regard to the title of an act, as the fixing of a penalty for escaping from the State farm is properly included under the title of the act, which has for its general purpose the management and control of the State farm.

4. SAME—*when, only, will courts interfere with legislation fixing penalty.* The nature, character and extent of penalties are

matters almost wholly legislative, and the courts have jurisdiction to interfere with legislation upon the subject only where the penalty is manifestly in excess of the constitutional provision that it must be proportioned to the nature of the offense.

5. SAME—*section 5 of State Farm act does not fix disproportionate penalty.* The provision of section 5 of the State Farm act making it a penitentiary offense to escape from the State farm does not contravene section 11 of the bill of rights, requiring that penalties must be proportioned to the nature of the offense.

WRIT OF ERROR to the Circuit Court of Fayette county; the Hon. F. R. DOVE, Judge, presiding.

F. M. GUINN, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, WILL P. WELKER, State's Attorney, and ROY D. JOHNSON, for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, Willie Landers, prosecutes this writ of error to review the judgment of the circuit court of Fayette county finding him guilty of a violation of section 5 of an act entitled "An act in relation to the Illinois State farm" and sentencing him to imprisonment in the penitentiary. The section provides: "Whoever being a prisoner at the Illinois State farm escaped therefrom is guilty of a felony and upon conviction shall be imprisoned in the penitentiary not less than one year nor more than ten years." By his assignment of errors he challenges the validity of this section of the act.

The first objection is that the subject matter of section 5 is not expressed in the title of the act, as required by section 13 of article 4 of the constitution. This provision of the constitution has been uniformly construed liberally in favor of the validity of enactments. (*People* v. *Lloyd,* 304 Ill. 23.) If by any fair intendment the provisions in the

body of the act have a necessary and proper connection with the title it is not objectionable. When the title of the act is general, the act may include any provision which is germane to the general subject matter of the act and which may be considered in furtherance of the general subject by providing for the method and means of carrying out such subject. (*People* v. *Stacker*, 322 Ill. 232; *People* v. *Newcom*, 318 id. 188.) This court has held that those provisions of the Public Utilities act providing that the commission may require a public utility to make changes in its property and providing for the exercise of the power of eminent domain whenever necessary in such cases are properly included in an act entitled "An act to provide for the regulation of public utilities;" (*Public Service Co.* v. *Recktenwald*, 290 Ill. 314;) that the provision of the Motor Vehicle act making it a criminal offense to have possession of a motor vehicle from which the manufacturer's serial number has been removed is properly included in an act governing the registration of motor vehicles and regulating the use of the same; (*People* v. *Fernow*, 286 Ill. 627;) that those provisions of the Counties act establishing civil service in Cook county were properly included in an act entitled "An act to revise the law in relation to counties;" (*Morrison* v. *People*, 196 Ill. 454;) and that the including of the provision of the Criminal Code authorizing the party losing money at gambling to bring an action to recover the money lost as a section in an act entitled "An act to revise the law in relation to criminal jurisprudence," did not violate the provision of the constitution under consideration. (*Larned* v. *Tiernan*, 110 Ill. 173.) A title may be so broad that it does not give a fair idea of the substance of the body of the bill, (*Milne* v. *People*, 224 Ill. 125,) or so restricted that it will not include a subject that might well have been included in a more general title, (*People* v. *Horan*, 293 Ill. 314,) but neither of these conditions applies to the case before us. Nothing could be

more germane to an act having for its general purpose the management and control of a penal institution than a provision providing a penalty for a person who escapes from such institution.

It is further contended that the words "Illinois State farm" do not have a meaning which is generally understood, and that neither the members of the legislature nor the public would recognize from the title that the act deals with a penal institution. This contention is without merit. In 1917 the legislature provided by public act for the establishment of an institution to be known as the Illinois State farm, which was to be used for the correction of male offenders above the age of sixteen years whose offense was punishable by confinement in the county jail. In 1919 an appropriation of $252,000 was made to the Illinois State farm for land and permanent improvements, and each subsequent biennial appropriation bill has carried an appropriation to this State institution. The act of June 14, 1917, entitled "An act to create a State farm," was repealed by the act of June 27, 1923, which is the act now in force, and each biennial appropriation act has expired at the end of its biennium, but in the interpretation of the act of 1923, which continues the Illinois State farm as one of the penal institutions of the State, we are permitted to refer to the earlier acts which relate to the same subject. *Ex parte Kan-gi-shun-ca,* 109 U. S. 556, 3 Sup. Ct. 396; *Sumption* v. *Rogers,* 242 Pa. 348, 89 Atl. 121; *Hyland* v. *Rochelle,* 179 Ind. 671, 100 N. E. 842; *State* v. *Vosgien,* 82 Wash. 685, 144 Pac. 947.

It is finally contended that the section is void for the reason that the penalty is not proportioned to the nature of the offense, as required by section 11 of the bill of rights. Many eminent jurists have argued that the unresisted escape of prisoners from custody should not be a punishable offense. The basis of their argument is, that since the law of freedom is natural and the instinct for

freedom irrepressible, if the law determines to restrain this freedom it must do so by adequate means. Under the English common law the offense of prison breach was a felony if the commitment were for a felony, or a misdemeanor if the commitment were for a misdemeanor. There was, however, a distinction made between prison breach and escape. Where no force was used and there was no breaking of the prison walls the offense was an escape and was under no circumstances more than a misdemeanor. The act in question makes no distinction and makes any escape from the Illinois State farm a felony, whether it be a mere uninterrupted walking away from one of the fields or a forcible breaking from one of the places of confinement on the farm, and the punishment is imprisonment in the penitentiary. Whether a sixteen-year-old boy ought to be branded a felon because he walks away from an uninclosed farm to which he has been committed for some trifling misdemeanor is a question which demands serious thought, but it is legislative in character. However absurd or unwise the court may regard this legislation, it cannot declare it void unless it can say that it is so disproportionate to the offense that it shocks the conscience of reasonable men. The nature, character and extent of penalties are matters almost wholly legislative, and the courts have jurisdiction to interfere with legislation upon the subject only where the penalty is manifestly in excess of the very broad and general constitutional limitation invoked. (*People* v. *Lloyd, supra.*) We have held that this act does not contravene section 11 of the bill of rights, (*People* v. *Callicott,* 322 Ill. 390,) and we are not disposed to change the ruling.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*