THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DARRYL MOORE, Defendant-Appellant.

(No. 57850; ▮▮▮▮▮▮▮▮▮▮▮

First District (4th Division)—October 31, 1973.

James J. Doherty, Public Defender, of Chicago, (Shelvin Singer, Assistant Public Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis, William K. Hedrick, and Nicholas P. Iavarone, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

The defendant, Darryl Moore, was indicted on a charge of rape. He waived trial by jury, was found guilty as charged and was sentenced to the Illinois State Penitentiary for a period of not less than five years nor more than ten years.

The issues raised by defendant on this appeal are: (1) whether the statutory minimum sentence of four years without possibility of probation for the offense of rape violates the 1970 Illinois Constitution, article I, section 11, which requires that the objective of punishment be to restore the offender to useful citizenship and (2) whether a five to ten year sentence for rape is excessive for an 18 year old first offender.

692

We briefly summarize the evidence as presented by the State. At about 1:00 A.M. on September 29, 1971, Dorothy Williamson and her daughter, Vernette Boler, age 22, were walking home. They noticed someone following them. They went into a bar hoping to elude him, but noticed that the man had also entered the bar. Believing this to have perhaps been his destination all along, they left, but the man again followed. He induced them to go into an alley by motioning an object which they believed was a gun. He ordered the mother to leave and told them that if she did not he would shoot them both with the gun-like object, whereupon the mother fled. He then ordered Vernette to take off her clothes, forced her to lie down, and forcibly raped her. In the meantime, the mother waved down a passing squad car and when the police arrived at the alley Vernette screamed and the man, later positively identified as the defendant, hurriedly pulled his pants up and ran. He was quickly apprehended and found to be carrying an object that appeared to be a gun which was later found to be a cigarette lighter shaped like an automatic pistol. His pants were ripped and his pants zipper was open.

We first address ourselves to the contention that the statutory minimum sentence for the offense of rape is unconstitutional. Illinois Revised Statutes 1967, ch. 38, par. 11—1(c) provides:

"A person convicted of rape shall be imprisoned in the penitentiary for any indeterminate term with a minimum of not less than 4 years."

Par. 117—1(a) of the same chapter provides that a rape offender may not receive probation. The new Unified Code of Corrections, which amended the foregoing provisions effective January 1, 1973, provides the same. Ill. Rev. Stat., 1972 Supp., ch. 38, par. 11—1(c) (as amended), par. 1005—8—1(b) (2), (c) (2), par. 1005—5—3(d).

Under the former Illinois Constitution, all penalties were required to be retributive, that is, "proportioned to the nature of the offense." (1870 Ill. Const. art. II, sec. 11.) Section 11 of article I of the 1970 Constitution provides:

"All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship."

Thus the new constitution now expressly calls for a consideration of rehabilitation in sentencing.

The defendant asserts that the court was unable to consider rehabilitation because the legislature arbitrarily prejudged all rape offenders without regard for facts and circumstances peculiar to each individual by imposing a mandatory minimum sentence of four years. It is argued

that sentencing under the statute defeats the express constitutional mandate of article I, section 11, by disregarding potentially rehabilitative to imprisonment. We are not so persuaded. We cannot subscribe to the narrow interpretation interposed by defendant.

Section 11 clearly provides that all penalties shall also be determined *according to the seriousness of the offense.* The State's position, to which we subscribe, is that article I, section 11, is a statement of public policy aimed at both the legislature and the court. The legislature considered both rehabilitation and the seriousness of the offense of rape and determined that in the interest of the public the statutory minimum must be four years. We do no feel the call for a consideration of the rehabilitative aims in sentencing contained in article I, section 11, now deprives the legislature of fixing minimum penalties for crime, which has long been within their domain. (See *People v. Landers,* 329 Ill. 453, 457, 160 N.E. 836, 838.) Furthermore, the framers of the 1970 Constitution apparently did not intend the document to abolish the death penalty in Illinois, since a separate referendum regarding its retention was submitted to the voters at the same time the constitution was submitted for approval. (See S.H.A. Const., art. I, sec. 11, Constitutional Commentary, at 545.) Since the death penalty is the antithesis of rehabilitative sentencing, this buttresses the notion that article I, section 11 was not intended to make rehabilitation the only consideration in sentencing.

In view of our conclusion we need not necessarily comment on the lengthy dissertation appearing in the brief that the net effect of the mandatory sentence enacted by the legislature is to block proper correctional treatment for a person convicted of rape without giving society any added protection of rehabilitation of that individual. This argument is more appropriately addressed to the legislature. We note also that the trial judge handed down a minimum sentence here of five years, greater than the statutory minimum of four years. This seems to negate any speculation that the court might have granted probation or a lesser sentence were it not for the mandatory minimum.

■■ We hold that the legislative provision complained of is not unreasonable or irrational and is aimed at the seriousness of the offense. We believe that this sentencing requirement does not violate the intent of the 1970 Constitution and is not contrary to its purpose. It is clearly a question for the legislature to determine whether an evil exists and what means should be adopted to prevent it, and its acts will not be interfered with unless they are clearly in violation of some constitutional limitation. (*People v. Lawrence,* 390 Ill. 499, 509-10, 61 N.E.2d 361, 366.) We think the legislature made a proper classification of an evil here

and made the necessary provisions for its suppression. The cases cited in defendant's brief relate to the reduction of a sentence within statutory limits and are not in point on the issue raised here.

We next consider whether the five to ten year sentence is excessive. It is argued that the defendant was only 18 years of age at the time of conviction and did not have a prior felony conviction and only very minor misdemeanor sentences. The evidence at the hearing on aggravation and mitigation shows a continual pattern of anti-social conduct by defendant. He was previously convicted of the misdemeanor offenses of resisting arrest in April 1969, criminal trespass to vehicle in May 1970, criminal trespass to vehicle again in June 1970, and violation of curfew in May 1971, the Court imposing short sentences and in one case a fine. In November 1970, he was charged with contributing to the delinquency of a minor and battery and was given one year supervision.

■■ The power we have to reduce sentences pursuant to Supreme Court Rule 615 (Ill. Rev. Stat. 1969, ch. 110A, par. 615(b) (4)) should be applied with caution and circumspection. The trial judge ordinarily has a superior opportunity to make a sound determination concerning the punishment to be imposed than do appellate tribunals, since during the course of the trial he hears the testimony of the witnesses and has an opportunity to observe them as they testify. (*People v. Caldwell*, 39 Ill.2d 346, 356, 236 N.E.2d 706, 712; *People v. Taylor*, 33 Ill.2d 417, 424, 211 N.E.2d 673, 677.) The evidence revealed a commission by defendant of an act of sexual intercourse accomplished forcibly and contrary to the consent and will of the young female and with resistance on her part. We find no mitigating circumstances in the record to disturb the defendant's sentence. The penalty imposed is clearly not disproportionate to the heinous crime of rape.

The judgment of the Circuit Court is therefore affirmed.

Affirmed.

ADESKO and JOHNSON, JJ., concur.