THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN SAM APRILE, Defendant-Appellant.

(No. 12047; )

Fourth District—December 13, 1973.

Robert P. Moore, of Hayes & Moore, of Champaign, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (Frances Hulin, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant-appellant John Sam Aprile was indicted for the offense of theft over $150. He was tried before a jury, convicted and sentenced to an indeterminate term of 1 to 10 years.

Defendant assigns as error the denial of his motion for change of venue because of alleged prejudicial pretrial publicity. Defendant was indicted July 29, 1971. Trial was commenced November 8, 1971, and on the first day of trial the jury (including two alternate jurors) was selected and sworn. Opening statements were made and a part of the People's case in chief was introduced through the testimony of witnesses. The voir dire examination of the jurors is not included in the record. Defendant concedes that he did not exhaust his peremptory challenges.

■■ The examination of prospective jurors is the most valuable means of determining whether pretrial publicity has rendered a fair trial impossible. (*People v. Gendron*, 41 Ill.2d 351, 243 N.E.2d 208; *People v. Kurtz*, 37 Ill.2d 103, 224 N.E.2d 817.) The trial court's conclusion that there was no reasonable ground to believe that defendant could not receive a fair trial is supported by the fact that no difficulty was experienced in securing 12 jurors and two alternates who were acceptable to defendant. This circumstance supports the denial of the motion (*People v. Williams*, 40 Ill.2d 522, 240 N.E.2d 645) and denial of the motion for change of venue.

■■ The subject of the theft was a 1971 Thunderbird owned by one Daniel Morse. Defendant complains that he was unduly restricted in his cross-examination of Morse concerning Morse's financial background. He argues that such examination inclined to establish that Morse in-

tended to defraud his insurance company and in fact was an accomplice in the theft. The record establishes that defendant was permitted to cross-examine Morse in considerable detail about his personal finances. He elicited that Morse operated a tavern, that he purchased the tavern from Robert Harris, that he had previously owned the business which he had sold to one Dale Hoffmeier who had, in turn, sold it to Harris. He testified that he did not own the building in which the tavern was located, the building was owned by Joe Lanutti. Morse testified that the business was up for sale but not because it was unsuccessful. Counsel then inquired of Morse if he gambled, and objection to the question was sustained and objection was sustained to the inquiry as to whether or not Morse had lost a lot of money gambling in 1971. Objection was also sustained to a question as to whether or not gambling went on in Morse's tavern. Morse testified that his wife was employed but objection sustained as to her place of employment. No inquiry was made as to her earnings. Counsel for defendant was also permitted to inquire as to judgments taken against Morse in the year 1970. The State's Attorney on redirect examination elicited from Morse that he had paid his 1970 income tax in full but owed a back payment on his 1971 estimated income tax. He testified as to his earnings at an industrial plant in 1971, including hours worked, following which defendant's counsel asked no additional questions. The limitation of cross-examination is a matter left to the sound discretion of the trial judge, and the exercise thereof will be sustained in the absence of a clear showing of abuse. (*People v. Wilder*, 119 Ill.App.2d 422, 428, 256 N.E.2d 103.) The record here does not reveal an abuse of that discretion.

Defendant also complains that the trial court erred in giving People's Instructions 17 and 18. Only the two instructions complained of were set forth in defendant's abstract. The conference on instructions was not abstracted. The People's additional abstract set forth only the two instructions of which defendant complains.

Where the abstract fails to include all instructions, both given and refused, alleged error concerning instructions will not be considered on review. (*People v. Woodruff*, 9 Ill.2d 429, 137 N.E.2d 809; *People v. Donald*, 29 Ill.2d 283, 194 N.E.2d 227.) We note, however, that the instructions complained of were I.P.I. Criminal 13.14 and 3.01, and there was no error in giving the instructions.

■■ Defendant also urges that it was error to deny his motion to dismiss the indictment. Count VI of the indictment charged theft as defined in Ill. Rev. Stat. 1971, ch. 38, par. 16—1(a) (1), Count VII charged theft as defined in Ill. Rev. Stat. 1971, ch. 38, par. 16—1(a) (3) and Count VIII charged theft as defined in Ill. Rev. Stat. 1971, ch. 38, par. 16—1

(d)(1). Defendant cites *People v. Heard,* 47 Ill.2d 501, 266 N.E.2d 340. There the complaint, in a single count, charged that defendant "* * * set up *or* promoted a Policy Game *or* (Sold) *or* (Offered to Sell) *or* (Transferred) a ticket *or* (Share) for a lottery *or* (Sold) *or* (Offered to Sell) *or* (Transferred) *or* (Knowingly Possessed) a policy ticket *or* other similar device * * *." (Emphasis added.) The Supreme Court held that the complaint in question was void because it failed to set forth the nature and elements of the offense with sufficient certainty since "* * * the use of the disjunctive under these circumstances causes uncertainty and conjecture as to which of the alternatives the accused is charged with committing." Here the offenses were not charged in the disjunctive within the rationale of *Heard.* The theft alleged involved the same property, the same owner and the same date. The three counts simply set forth separate sections of the same statute and in essence described three methods of proof of the same offense. The indictment was clearly sufficient to enable defendant to prepare a defense, to plead jeopardy and to apprise him of the offense with which he was charged. The violation of the theft statute in separate counts of the indictment did not render the statement of the offense uncertain. *People v. Rauschenberg,* 29 Ill.App.2d 293, 301, 302, 173 N.E.2d 6.

Defendant also urges that the form of certain questions asked by the State's Attorney were prejudicial, and that the evidence failed to establish defendant's guilt beyond a reasonable doubt. We have reviewed the record and find no merit in these contentions. A recital of the evidence would have no precedential value. No error at law appears in the record, the evidence is sufficient to support the conviction and the judgment of the trial court is affirmed.

Judgment affirmed.

CRAVEN, P. J., and TRAPP, J., concur.