THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DANNY D. DAVIS, Defendant-Appellant.

(No. 73-135; ■■■■■■■■■■)

Third District—June 28, 1974.

James Geis, of the State Appellate Defender's Office, of Ottawa, for appellant.

Fred R. Odendahl, State's Attorney, of Monmouth, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Pursuant to his nonnegotiated plea of guilty to the offense of burglary the circuit court of Warren County after hearing denied the request of defendant, Danny Davis, for probation and sentenced him to a term of from 2 to 6 years in the penitentiary. On this appeal the only issue raised is defendant's claim that his sentence is excessive.

The court conducted a combined hearing on defendant's request for probation and in aggravation and mitigation of the sentence to be imposed. At such hearing the court considered the testimony of numerous character witnesses called by the defendant, the pre-sentence probation report and defendant's prior record. It would serve no useful purpose to discuss the evidence at length since the gist of defendant's argument seems to be that the court by relying primarily on the probation report and defendant's prior record abused its discretion in meting out the sentence imposed.

In our view of the record we find no reason for disturbing the determination of the trial court. While it is true there was evidence presented by the defendant from which it could be inferred that probation or a lesser sentence might be appropriate it is also true that there is evidence contrary to the foregoing inferences supporting the action of the trial court. According to the evidence of defendant's prior record he had been convicted of numerous misdemeanors most of them growing out of automobile offenses, liquor offenses and breach of the peace offenses. However, on one of the misdemeanor charges defendant had been sentenced to 9 months in prison. It also appears from the record a previous effort at probation had been unsuccessful. Under these circumstances it is peculiarly the function of the trial court to weigh the conflicting inferences and the fact that he may have referred to defendant's prior record as of great significance in support of the sentence imposed does not mean that the court has abused its discretion in imposing sentence.

Finally, defendant argues the court erred in failing to consider periodic imprisonment as provided by the Corrections Act which went

into effect January 1, 1973. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—7—1.) However, we find no support for such contention in the record and in particular we find no support for any claim that the court failed to consider any of the sentencing alternatives available.

For the foregoing reasons, the judgment of the circuit court of Warren County is affirmed.

Judgment affirmed.

ALLOY and DIXON, JJ., concur.