THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH W. OESTRINGER, Defendant-Appellant.

(No. 73-170;

Fifth District—November 14, 1974.

George R. Ripplinger, Jr., of Belleville, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Charles H. Stegmeyer, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the defendant, Kenneth W. Oestringer, from a judgment entered, on a jury verdict, by the circuit court of St. Clair County convicting him of the offense of armed robbery and the imposition of a sentence of 4 to 6 years with the Department of Corrections.

The defendant raises four contentions in this appeal: (1) that the State failed to prove him guilty beyond a reasonable doubt; (2) that the mandatory 4-year sentence for the offense of armed robbery is unconstitutional; (3) that the trial judge made comments to the jury which prejudiced his, defendant's, right to a fair trial; and (4) that the trial court erred in refusing to consider periodic imprisonment.

We shall first consider the defendant's contention that he. was not proven guilty beyond a reasonable doubt. The defendant asserts that the trial court must be reversed since the prosecution evidence was "improb-

able, unconvincing, unreasonable and completely unsatisfactory." After a thorough review of the record in the instant case, we find no support for this contention.

The evidence against the defendant in the instant case is substantial. The victim of the armed robbery, Homer Hunter, positively identified the defendant as the man who took his money at gunpoint and testified as to the circumstances surrounding this incident. The greater part of this testimony was corroborated by Gerald "Jake" Showalter who was sitting next to the victim at the time of the alleged robbery. Even though Showalter did not actually see the defendant take money from the victim, he did testify that he saw the defendant with "what appeared to be a gun" and heard the defendant say, "Pull your wallet out."

The defendant, on the other hand, testified that he did not even talk to the victim on the day of the alleged robbery. He further testified that he never pointed a gun at, nor did he take any money from, the victim.

■■ The jury, as the triers of fact, have the responsibility to determine which of the conflicting testimony of the witnesses is to be believed. (*People v. Henderson*, 18 Ill.App.3d 457, 309 N.E.2d 242; *People v. Alexander*, 15 Ill.App.3d 607, 305 N.E.2d 61.) In *People v. Goodpaster*, 35 Ill.2d 478, 480, 221 N.E.2d 251, *cert. denied*, 386 U.S. 967, our supreme court stated,

> "* * * we find a direct and irreconcilable conflict in the testimony. In such a circumstance it is the peculiar prerogative of the jury to determine where the truth lies."

It is within the province of the jury to determine the credibility of the witnesses and the weight to be given their testimony. (*People v. Zuniga*, 53 Ill.2d 550, 293 N.E.2d 595; *People v. Lee*, 48 Ill.2d 272, 269 N.E.2d 488.) As our supreme court stated in *People v. Woodruff*, 9 Ill.2d 429, 434, 137 N.E.2d 809, 811:

> "The rule is well known that the credibility of witnesses and the weight of evidence are, in the first instance, questions best determined by the jurors who are in a position to see and hear the witnesses and to observe their demeanor while testifying."

The court continued by stating:,

> "It is fundamental that this court will not disturb a verdict of guilty on the ground that the evidence is not sufficient to convict unless it is so palpably contrary to the verdict or so unreasonable, improbable or unsatisfactory as to justify the court in entertaining a reasonable doubt of the defendant's guilt. Nor will we substitute our judgment for that of the jury in merely weighing the credibility of witnesses where the testimony is conflicting. *People v. Tensley*, 3 Ill.2d 615, 621." (9 Ill.2d 429, 434, 137 N.E.2d 809, 812.)

See also *People v. Bey,* 51 Ill.2d 262, 281 N.E.2d 638; *People v. Nicholls,* 42 Ill.2d 91, 245 N.E.2d 771.

██ We are unable to say that the evidence in the instant case was insufficient to justify the jury, beyond a reasonable doubt, in the verdict that was rendered.

It is next contended that the mandatory 4-year sentence for the offense of armed robbery is unconstitutional. The defendant urges this court to declare the mandatory 4-year minimum penalty for armed robbery unconstitutional because it violates the state constitutional provision relating to "Limitation of Penalties after Conviction" (Ill. Const., art. I, sec. 11), and requires an excessive sentence for the defendant.

In defendant's argument in support of this contention he refers to the A.B.A. Project on Minimum Standards for Criminal Justice, *Probation* (Approved Draft, 1970); *Sentencing Alternatives and Procedures* (Approved Draft, 1968). These and a great many other authorities (*e.g.,* Rubin, Allocation of Authority in Sentencing—Correction Decision, 45 Texas L.Rev. 455, 463-65 (1967); *President's Commission on Law Enforcement and the Administration of Justice,* Task Force Report: The Courts (1967)) have advocated the position that mandatory minimum sentences are evil and destructive. Although these authorities, perhaps foreshadowing the trend away from mandatory minimum sentences, are persuasive, they are of little aid to us in our deliberations with respect to the instant case. We are not faced with the question of what we would recommend, rather we are faced with determining whether the minimum mandatory sentence adopted by the legislature for the offense of armed robbery (Ill. Rev. Stat. 1973, ch. 38, pars. 18—2(b), 1005—5—3, 1005—8—1) contravenes the constitutional requirements of article I, section 11 (Ill. Const., art. I, sec. 11).

The relevant portion of the constitution (Ill. Const., art. I, sec. 11) provides that,

> "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship."

In *People v. Cantrell,* 14 Ill.App.3d 1068, 304 N.E.2d 13, and in *People v. Moore,* 15 Ill.App.3d 691, 304 N.E.2d 696, the court was confronted with arguments similar to the argument being advanced in the instant case. In *Cantrell,* the defendant contended that a minimum sentence of not less than 14 years upon a conviction for murder violated the constitutional provisions embodied in article I, section 11 (Ill. Const., art. I, sec. 11). Therein the court concluded that the statutory minimum sentence for murder of 14 years was "constitutionally permissible" after making the determination,

"\* \* \* that section 11 does not present a mandate opposing minimum sentences. Rather, section 11 requires the legislature to develop sentencing standards that reflect the goal of restoring the offender to useful citizenship, as well as providing a penalty that is proportionate to the nature of the offense (Sixth Ill. Constitutional Convention, Record of Proceedings at 1391)." (14 Ill.App.3d 1068, 1072, 304 N.E.2d 13, 16.)

In *Moore,* the defendant contended that the statutory minimum sentence of 4 years without possibility of probation for the offense of rape violated the 1970 Illinois Constitution, article I, section 11, which requires that the objective of punishment be to restore the defendant to useful citizenship. The court refused to "subscribe to the narrow interpretation interposed by defendant" and explained its reasons in the following manner:

"Section 11 clearly provides that all penalties shall also be determined *according to the seriousness of the offense.* The State's position to which we subscribe, is that article I, section 11, is a statement of public policy aimed at both the legislature and the court. The legislature considered both rehabilitation and the seriousness of the offense of rape and determined that in the interest of the public the statutory minimum must be four years. We do not feel the call for a consideration of the rehabilitative aims in sentencing contained in article I, section 11, now deprives the legislature of fixing minimum penalties for crime, which has long been within their domain. (See *People v. Landers,* 329 Ill. 453, 457, 160 N.E. 836, 838.) Furthermore, the framers of the 1970 Constitution apparently did not intend the document to abolish the death penalty in Illinois, since a separate referendum regarding its retention was submitted to the voters at the same time the constitution was submitted for approval. (See S.H.A. Const., art. I, sec. 11, Constitutional Commentary, at 545.) Since the death penalty is the antithesis of rehabilitative sentencing, this buttresses the notion that article I, section 11 was not intended to make rehabilitation the only consideration in sentencing." (15 Ill.App.3d 691, 693, 304 N.E.2d 696, 698.)

A similar result was reached in the abstracted opinion of *People v. Dunigan,* 17 Ill.App.3d 498, 308 N.E.2d 338.

■■ In our analysis of the defendant's contention that the minimum penalty of 4 years for the offense of armed robbery contravenes article I, section 11 (Ill. Const., art. I., sec. 11), we start with the basic proposition that there is a presumption of the validity of the legislative classifications, and the burden of rebutting that presumption is on the party challenging the validity of the classification. (*People v. Sherman,* 57 Ill.2d 1, 309

N.E.2d 562; *People v. McCabe,* 49 Ill.2d 338, 276 N.E.2d 407.) Of course, it is our judicial obligation to insure that this power has not been exercised arbitrarily or in a manner repugnant to our constitution. After consideration of *People v. Cantrell,* 14 Ill.App.3d 1068, 304 N.E.2d 13; *People v. Moore,* 15 Ill.App.3d 691, 304 N.E.2d 696, and the numerous authorities cited by the defendant, we hold that the legislative provisions complained of are not unreasonable or arbitrary and, as required by article I, section 11, are aimed at the seriousness of the offense. Furthermore, we cannot say that a minimum penalty of 4 years is so great as to demonstrate that the legislature ignored the rehabilitative potential of the offender, required by article I, section 11. Consequently, we do not find any of the statutes in question violative of our State constitution.

Next, the defendant contends that the trial judge made comments to the jury which prejudiced his right to a fair trial. It appears that about 10 P.M. on the day of the trial the judge called the jury from its deliberations and asked whether a verdict had been reached. The State's Attorney, the defense counsel and the defendant were present at the time. When the jury foreman informed the court that a jury verdict had not been reached, the trial judge asked the foreman whether he felt that a verdict could be reached if more time was allowed. One or two of the jurors shook their heads no, but it was the general consensus of the jury and the jury foreman that a verdict could be reached after further deliberation. The trial judge then informed the jury that they need not be concerned with the late hour because police officers would be available to escort the female jurors to their automobiles if they so desired after reaching a verdict no matter what the hour. No objection was made to this communication with the jury. The jury reached a verdict of guilty some time prior to 11 P.M.

■■ While it is error for a judge to interfere in jury deliberations by making remarks calculated to effect rendition of a verdict (*People v. Golub,* 333 Ill. 554, 165 N.E.2d 196), we do not feel that the court's inquiry in this case was of a nature to unduly influence the jury. (*People v. McVet,* 7 Ill.App.3d 381, 287 N.E.2d 479.) See also *People v. Tobe,* 49 Ill.2d 538, 276 N.E.2d 294, 298; *People v. Rogers,* 23 Ill.App.3d 115, 318 N.E.2d 715.

The defendant's final contention is that the trial court erred in refusing to consider periodic imprisonment as a sentencing alternative in this case. The sentencing judge determined that, since periodic imprisonment could be imposed for a maximum of 2 years (S.H.A., ch. 38, § 1005—7—1(d), effective January 1, 1973) and because the minimum sentence for the offense of armed robbery is 4 years (S.H.A., ch. 38, § 18—2, effective January 1, 1973; S.H.A., ch. 38, § 1001—1 *et seq.,* effective January 1,

1973), periodic imprisonment could not apply to the instant case. The trial judge did err in this determination.

The defendant was sentenced on March 5, 1973. On that date the relevant portion of the Unified Code of Corrections provided that:

"When a defendant is convicted of a felony or misdemeanor, the court may sentence such defendant to:

(1) a period of probation or conditional discharge except in cases of murder, rape, armed robbery, violation of Sections 401(a), 402(a), 405(a) or 407 of the Illinois Controlled Substances Act[2] or violation of Section 9 of the Cannabis Control Act;[3]

(2) a term of periodic imprisonment;

(3) a term of imprisonment;

(4) a fine." (S.H.A., ch. 38, par. 1005—5—3, effective January 1, 1973.)

According to the summary of the Council Commentary to S.H.A., ch. 38, par. 1005—7—1, effective January 1, 1973,

"No offenses are excluded from eligibility for periodic imprisonment as is the case with probation and conditional discharge under section 1005—5—3." (S.H.A., ch. 38, par. 1005—7—1, at 452.)

It is thus evident that periodic imprisonment could have been imposed for the offense of armed robbery as the law existed at the time the defendant was sentenced.

■■ Although we note that the Unified Code of Corrections has since been amended to exclude periodic imprisonment for persons convicted of armed robbery (Ill. Rev. Stat. 1973, ch. 38, par. 1005—5—3(d)(1), effective November 14, 1973), it is our belief that the instant case should be remanded for resentencing in order to permit the trial judge to consider the defendant's request for periodic imprisonment. Our remandment of this case should not be construed as a recommendation for periodic imprisonment. The sole purpose of remandment is to permit the trial judge to determine whether periodic imprisonment, which was a viable alternative at the time the defendant was sentenced, is appropriate. See generally *People v. Killebrew*, 55 Ill.2d 337, 303 N.E.2d 377, 381; *People v. Davis*, 18 Ill.App.3d 793, 310 N.E.2d 682, 690.

In accordance with the foregoing conclusions we affirm the judgment entered by the circuit court of St. Clair County against the defendant and remand this case for resentencing consistent with opinions expressed herein.

Judgment affirmed, remanded for resentencing with directions.

CARTER and CREBS, JJ., concur.