258

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE H. BRANOM, Defendant-Appellant.

(No. 12699;

Fourth District—June 19, 1975.

Richard J. Wilson and Richard E. Cunningham, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (Thomas L. Knight, Assistant State's Attorney, Michael Prall and Kai A. Wallis, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant-appellant, George H. Branom, was tried before a jury, in the Circuit Court of Champaign County, and convicted of armed robbery. He was sentenced 4 to 15 years.

■■ The defendant maintains that the evidence fails to establish his guilt beyond a reasonable doubt. We disagree. The defendant and one Derrick Johnson entered the apartment of the victim, David Billman, for the purpose of purchasing marijuana. In the process, according to Billman's testimony, the defendant drew a gun, ordered Billman to lie down on the floor, money was taken from his wallet and defendant and his companon took the marijuana and left. Billman called the police, gave them a description of the defendant and of the car in which defendant had arrived at Billman's apartment. Defendant was spotted by the police who had received the above information by radio, and after a chase stopped the car which answered the description furnished by Billman. The police had also been told that one of the participants in the robbery was wearing a black leather jacket. Defendant was so attired. They had also been told that another of the participants had been wearing a brown jacket, and such a jacket was observed lying on the rear seat of the car. A 38-calibre pistol was found in the car. Billman testified that the gun was similar to the gun defendant had used in the robbery. The officers also found a small plastic bag which appeared to contain marijuana and a brown paper bag half full of a substance which appeared to contain marijuana. Billman testified that these items looked like the ones taken from his apartment. Billman also testified that between $40 and $45 in cash had been taken during the robbery. The defendant and the other three persons in the car stopped by the police had, in cash, $45.38. Billman was taken by the police to the place where the car had been stopped, and he there identified defendant and the car. He again identified defendant at a lineup on the following day at the Champaign County jail. Sharon Epstein was also present in the apartment and witnessed the robbery. She also attended the lineup and identified one person in the lineup. In court she did not make a positive identification of the defendant but testified that he was similar in appearance to the person she had previously identified. Defendant's version of the incident was that there was simply a purchase of the marijuana.

Defendant argues, for example, that because Billman did not initially tell the police that marijuana had been taken, and refused, at first, to acknowledge that the packages found in the car were his, there results incredibility. Another inconsistency argued by defendant is that Billman first reported that about $80 had been taken but testified that about $40 to $45 was taken. This ignores the explanation given by Billman that he originally thought a paycheck had been taken but later found it.

The issue of credibility is one to be determined by the jury. Billman's testimony, with that of other witnesses, together with the circumstantial

evidence and the positive identification made by Billman furnish an evidentiary basis which clearly supports the verdict of the jury.

■■ The trial judge refused to allow defense counsel to cross-examine Billman as to the number of sales of marijuana he had been involved in before and after the armed robbery. Defendant maintains that the number of sales and the amount sold by Billman would tend to discredit him. Billman testified that he was engaged in selling marijuana, and that he had been granted immunity. The jury was fully aware of these facts. It is within the discretion of the trial court to limit cross-examination, and we find no abuse of that discretion here. *People v. Aprile*, 15 Ill.App.3d 461, 304 N.E.2d 642.

■■ Lastly, defendant contends that the trial court should have considered imposing a term of periodic imprisonment. Defendant argues that the trial court was unaware that such a sentence was available at the time of imposing the penitentiary term. The record does not support this contention. The sentence imposed is within the limits fixed by the statute, and the minimum term permissible under the statute was the term imposed by the court. The judgment is affirmed.

Judgment affirmed.

TRAPP and CRAVEN, JJ., concur.