THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GASPAR RIOS, Defendant-Appellant.

First District (5th Division)   No. 76-750

Opinion filed November 24, 1976.

James Geis and Rebecca Davidson, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Paul Benjamin Linton, and Linda Dale Woloshin, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Following a bench trial, defendant was found guilty of the offenses of aggravated battery causing great bodily harm and aggravated battery using a deadly weapon in violation of sections 12—4(a) and 12—4(b)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, pars. 12—4(a) and 12—4(b)(1)), and not guilty of the offense of attempt (murder). (Ill. Rev. Stat. 1973, ch. 38, par. 8—4.) He was sentenced to a single term of one to three years imprisonment. He contends the trial court erred when it (1) convicted him of two offenses which arose from the same act, and (2) failed to consider periodic imprisonment as a sentencing alternative.

■■ The State concedes that one of the defendant's convictions for aggravated battery must be vacated because both convictions arose from the single act of shooting the victim with a shotgun. (See *People v. Lilly* (1974), 56 Ill. 2d 493, 309 N.E.2d 1.) Consequently, we will remand this cause to the trial court with directions to vacate its judgment on one count of aggravated battery.

We summarize the facts adduced at trial and at the hearing in aggravation and mitigation which are relevant to the remaining issue on appeal.

At approximately 1 a.m. on August 8, 1973, Peter Bagdaniec received wounds in the face, neck, head, shoulder and back from a shotgun blast which defendant admitted that he fired. The State's witnesses generally testified that Bagdaniec approached defendant and a group of boys who were creating a disturbance at 3540 West McLean, and told them to be quiet. An argument ensued, and after Bagdaniec turned away from the scene and while he was approximately 23 to 28 feet from the crowd, defendant took a loaded shotgun from a friend and fired two shots, the

second of which hit Bagdaniec from behind. The police arrived shortly thereafter and Bagdaniec was taken to the hospital where he remained for eight days.

According to defendant and his witnesses, defendant was acting in self-defense. Bagdaniec derided the boys using derogatory racial remarks and taunted defendant to fire the shotgun. Defendant admitted that the victim had turned away and was not closer than 25 feet when he fired the second shot.

After both sides had rested and arguments were heard, the trial court specifically rejected defendant's theory of self-defense, found him not guilty of attempt (murder), but adjudged him guilty of both counts of aggravated battery. At a later hearing in aggravation and mitigation, the court denied defendant's request for probation, and entered the minimum single sentence of one to three years imprisonment.

OPINION

Defendant contends the trial court erred when it failed to consider periodic imprisonment as a sentencing alternative to a term of imprisonment. He argues that because periodic imprisonment was not mentioned by the trial court, it was not considered. We cannot agree.

Both *People v. Branom* (1975), 29 Ill. App. 3d 258, 330 N.E.2d 260, and *People v. Davis* (1974), 21 Ill. App. 3d 34, 313 N.E.2d 474, held it was not error for the trial courts to impose sentences of imprisonment where the records did not show the trial courts were unaware periodic imprisonment was a sentencing alternative. The record in the instant case does not show that defendant ever urged a sentence of periodic imprisonment. Indeed, the trial court here specifically considered the sentencing extremes of probation and imprisonment. It rejected the lesser alternative because defendant committed the crime with a deadly weapon when he was in no danger of imminent harm despite defendant's arguments in mitigation that he had no previous convictions, was married and had one child, worked at Illinois Masonic Hospital, and was remorseful. To speculate that the trial court was unaware of the moderate alternative of periodic imprisonment when the record shows he was aware of and considered the sentencing extreme of probation and imprisonment would be error on our part.

■■ Defendant's reliance upon *People v. Oestringer* (1974), 24 Ill. App. 3d 185, 321 N.E.2d 146, and *People v. Shields* (1974), 18 Ill. App. 3d 622, 310 N.E.2d 451, is unfounded. In those cases this court held that a minimal sentence was appropriate based upon the particular facts and that the trial court mistakenly believed a sentence of periodic imprisonment was not an authorized sentencing alternative. Here, the trial court believed the nature of the offense mandated a term of

imprisonment. Moreover, there is nothing in this record to suggest that the trial court believed it could not sentence to a term of periodic imprisonment.

For these reasons, we remand this cause to the trial court with directions to vacate one of defendant's convictions for aggravated battery, and we affirm its sentence of one to three years imprisonment on the remaining conviction.

Affirmed in part; remanded with directions.

SULLIVAN and BARRETT, JJ., concur.